CLERKS OFFICE US DISTRICT COURT
AT HARRISONBURG, VA
FILED
March 13, 2025
LAURA A. AUSTIN, CLERK
BY: /s/ Amy Fansler
DEPUTY CLERK

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
CHARLOTTESVILLE DIVISION

SOUTHERN ENVIRONMENTAL LAW CENTER )
)
Plaintiff, )
)  Case No. 3:25cv11
v. )
)  **COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**
NATIONAL PARK SERVICE, )
)
Defendant. )

## INTRODUCTION

1. This lawsuit challenges Defendant National Park Service's ("Park Service") unreasonable delay and failure to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, in response to two requests for public records.

2. In July 2024, Plaintiff Southern Environmental Law Center ("SELC") requested records from the Park Service related to a proposed gas pipeline called the Ridgeline Expansion Project, which would closely parallel the Obed Wild and Scenic River and cross its tributaries more than twenty times.

3. In January 2025, SELC requested records from the Park Service containing certain keywords and phrases including "Ridgeline Expansion Project," "Ridgeline," and more.

4. SELC submitted these FOIA requests to better understand the Park Service's evaluation of the Ridgeline Expansion Project and its impacts on the Obed Wild and Scenic River under the Wild and Scenic Rivers Act.

5. Although the Park Service has acknowledged receipt of both requests, the Park Service has failed to comply with statutory deadlines, conduct an adequate search, or produce

responsive and nonexempt records as required by FOIA. Instead, the Park Service has notified SELC that it does not plan to complete either request for at least another year.

6. SELC seeks a declaration that the Park Service has violated FOIA and an order requiring the Park Service to search for and produce all responsive and nonexempt records without further delay.

## JURISDICTION AND VENUE

7. The Court has jurisdiction under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

8. The Court may grant declaratory relief, injunctive relief, and further relief under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 2201–2202.

9. Venue is proper in this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391(e)(1) because SELC resides and has its principal place of business here.

10. SELC is deemed to have exhausted administrative remedies under 5 U.S.C. § 552(a)(6)(C)(i) because the Park Service has failed to comply with the applicable time limit provisions of FOIA.

## PARTIES

### Plaintiff Southern Environmental Law Center

11. SELC is a 501(c)(3) nonprofit public interest environmental law firm with a focus on six southeastern states. SELC is headquartered in Charlottesville, Virginia.

12. SELC is a "person" for purposes of FOIA, 5 U.S.C. § 551(2).

13. SELC uses public advocacy and the law to protect the people and the natural resources of the Southeast and, in particular, to gather, analyze, and disseminate public information about activities affecting human health and the environment in the Southeast. SELC disseminates public information it gathers to the general public through its website, *selc.org*,

which is updated regularly, as well as press releases, social media, and public comment letters. SELC attorneys also regularly attend and speak at public meetings and hearings throughout the region, informed by and sharing their analysis of public information. SELC has been actively engaged in protecting the environment of the Southeast at the federal, state, and local levels for over thirty years.

14. The Park Service's unlawful failure to comply with FOIA regarding SELC's requests hampers SELC's ability to engage in public outreach and education, reduces SELC's ability to understand and communicate information about impacts from the Ridgeline Expansion Project, and frustrates SELC's ability to ascertain whether the Park Service has met its obligations under the Wild and Scenic Rivers Act and other sources of law.

### Defendant National Park Service

15. The Park Service is a bureau of the U.S. Department of the Interior.

16. The Park Service is an "agency" for purposes of FOIA. 5 U.S.C. § 551(1).

17. The Park Service has possession, custody, or control of the requested records.

## LEGAL BACKGROUND

### The Freedom of Information Act

18. The Freedom of Information Act "reflect[s] a general philosophy of full agency disclosure unless information is exempted under clearly delineated statutory language." *Dep't of Air Force v. Rose*, 425 U.S. 352, 360–61 (1976) (internal quotation marks omitted).

19. Under FOIA, an agency must "promptly" make records available upon request. 5 U.S.C. § 552(a)(3)(A). The agency must "determine . . . whether to comply" within 20 working days of receiving a FOIA request and must "immediately notify" the requester of that determination. *Id.* § 552(a)(6)(A).

20. An agency may extend its "determination" deadline by up to 10 working days if certain enumerated "unusual circumstances" are present and the agency provides timely written notice to the requester. *Id.* § 552(a)(6)(B)(i).

21. To make a valid "determination" under FOIA, the agency must at least "(i) gather and review the documents; (ii) determine and communicate the scope of the documents it intends to produce and withhold, and the reasons for withholding any documents; and (iii) inform the requester that it can appeal whatever portion of the 'determination' is adverse." *Citizens for Resp. & Ethics in Wash. v. Fed. Election Comm'n,* 711 F.3d 180, 188 (D.C. Cir. 2013).

22. FOIA requires agencies to make "reasonable efforts to search" for requested records. 5 U.S.C. § 552(a)(3)(C). The agency bears the burden of demonstrating "that it has conducted a search reasonably calculated to uncover all relevant documents." *Ethyl Corp. v. U.S. EPA*, 25 F.3d 1241, 1246 (4th Cir. 1994) (internal quotation marks omitted).

23. Although an agency may withhold records under certain statutory exemptions, 5 U.S.C. § 552(b), the agency bears the burden of justifying any withholdings, *id.* § 552(a)(4)(B).

24. Even if a record falls within the scope of a FOIA exemption, the record must nevertheless be disclosed unless the agency reasonably foresees that its release would cause harm to an interest the exemption protects. *Id.* § 552(a)(8)(A)(i)(I).

25. Even if portions of a record may be lawfully withheld, the agency must provide any "reasonably segregable portion" of each record after removing any portions that are exempt from disclosure. *Id.* § 552(b).

### U.S. Department of the Interior FOIA Regulations

26. The Park Service is subject to the U.S. Department of the Interior's ("Interior") FOIA regulations.

27. These regulations establish a multitrack system for processing FOIA requests, in which each request is assigned to one of four tracks based on "the estimated number of workdays needed to process the request." 43 C.F.R. § 2.15(a), (c).

28. Each track is defined by the number of workdays that requests in the track "would generally take . . . to process." *Id.* § 2.15(c). "Complex" requests are defined as those that "would generally take between twenty-one workdays and sixty workdays to process[.]" *Id.* § 2.15(c)(3).

## FACTUAL BACKGROUND

### The 2024 Request

29. On July 19, 2024, SELC submitted a FOIA request to the Park Service via Interior's online FOIA request portal ("2024 Request"). A true and correct copy of the 2024 Request is attached as **Exhibit 1**.

30. That day, SELC received an automated response from the Park Service confirming receipt of the 2024 Request and assigning it tracking number DOI-NPS-2024-001313.

31. The 2024 Request sought all records within four categories: (1) records related to consultation between Park Service staff and Federal Energy Regulatory Commission ("FERC") staff under Section 7 of the Wild and Scenic Rivers Act; (2) records related to the Park Service's "ongoing discussions with East Tennessee [Natural Gas] regarding the Project;" (3) records documenting "geohazards in the Obed [Wild and Scenic River] watershed"; and (4) the Park Service's "consultation with FERC on the [Ridgeline Expansion] Project regarding crossings of rivers on the Nationwide Rivers Inventory."

32. The 2024 Request was also limited by date, focusing on records that the Park Service "created, received, or reviewed between July 25, 2022, and the date the agency commences its search."

33. On July 22, 2024, SELC received an email from a Park Service FOIA Officer acknowledging the 2024 Request ("2024 Acknowledgement Email"). A true and correct copy of the 2024 Acknowledgement Email is attached as **Exhibit 2**.

34. In the 2024 Acknowledgement Email, the Park Service notified SELC that the 2024 Request had been placed in the "Complex" processing track and predicted the request would not be completed until April 2026.

35. In the 2024 Acknowledgement Email, the Park Service granted SELC's request for a fee waiver.

36. In the 2024 Acknowledgement Email, the Park Service did not indicate that it had gathered and reviewed records responsive to the 2024 Request.

37. In the 2024 Acknowledgement Email, the Park Service did not communicate the scope of records that the Park Service intends to produce in response to the 2024 Request.

38. In the 2024 Acknowledgement Email, the Park Service did not invoke any statutory exemption from withholding under FOIA for any responsive records.

39. The 2024 Acknowledgement Email is not a determination within the meaning of 5 U.S.C. § 552(a)(6)(A).

40. To date, SELC has received no further communication from the Park Service about the 2024 Request.

6

## The 2025 Request

41.     On January 23, 2025, SELC submitted a FOIA request to the Park Service via Interior's online FOIA request portal ("2025 Request"). A true and correct copy of the 2025 Request is attached as **Exhibit 3**.

42.     That day, SELC received an automated response from the Park Service confirming receipt of the 2025 Request and assigning it tracking number DOI-NPS-2025-003228.

43.     The 2025 Request sought all records in the possession, custody or control of personnel within two Park Service administrative subdivisions—Region 2 and the Obed Wild and Scenic River unit—containing certain keywords or phrases, including "FERC," "Federal Energy Regulatory Commission," "Ridgeline," "Ridgeline Expansion Project," "East Tennessee Natural Gas," and more.

44.     The 2025 Request was also limited by date, focusing on records that the Park Service "created, received, sent, or reviewed between May 31, 2024, and the date the agency completes its search for responsive records."

45.     On January 29, 2025, SELC received an email from a Park Service FOIA Officer acknowledging the 2025 Request ("2025 Acknowledgement Email"). A true and correct copy of the 2025 Acknowledgement Email is attached as **Exhibit 4**.

46.     In the 2025 Acknowledgement Email, the Park Service notified SELC that the 2025 Request had been placed in the "Complex" processing track and predicted the request would not be completed until August 2026.

47.     In the 2025 Acknowledgement Email, the Park Service granted SELC's request for a fee waiver.

7

48. In the 2025 Acknowledgement Email, the Park Service did not indicate that it had gathered and reviewed records responsive to the 2025 Request.

49. In the 2025 Acknowledgement Email, the Park Service did not communicate the scope of records that the Park Service intends to produce in response to the 2025 Request.

50. In the 2025 Acknowledgement Email, the Park Service did not invoke any statutory exemption from withholding under FOIA for any responsive records.

51. The 2025 Acknowledgement Email is not a determination within the meaning of 5 U.S.C. § 552(a)(6)(A).

52. To date, SELC has received no further communication from the Park Service about the 2025 Request.

## CLAIMS FOR RELIEF

### COUNT 1: FOIA Violations Related to the 2024 Request

53. SELC incorporates by reference paragraphs 1 through 52 of this Complaint as if fully stated herein.

54. More than 20 working days have passed since SELC submitted the 2024 Request.

55. The Park Service has not made a "determination" on the 2024 Request as required by 5 U.S.C. § 552(a)(6)(A).

56. The Park Service has violated FOIA by failing to conduct a reasonable search for records responsive to the 2024 Request.

57. The Park Service has violated FOIA by improperly failing to provide SELC with all nonexempt records responsive to the 2024 Request.

Pageid#: 9

58. By failing to make a timely determination, conduct a reasonable search, and provide SELC with all nonexempt records responsive to the 2024 Request, the Park Service has denied SELC its legal right to these records as provided under FOIA.

59. Unless enjoined by this Court, the Park Service will continue to violate SELC's legal right to be timely provided with records responsive to the 2024 Request.

60. SELC is directly and adversely affected and aggrieved by the Park Service's failure to comply with FOIA regarding the 2024 Request.

**COUNT 2: FOIA Violations Related to the 2025 Request**

61. Plaintiff incorporates by reference paragraphs 1 through 52 of this Complaint as if fully stated herein.

62. More than 20 working days have passed since SELC submitted the 2025 Request.

63. The Park Service has not made a "determination" on the 2025 Request as required by 5 U.S.C. § 552(a)(6)(A).

64. The Park Service has violated FOIA by failing to conduct a reasonable search for records responsive to the 2025 Request.

65. The Park Service has violated FOIA by improperly failing to provide SELC with all nonexempt records responsive to the 2025 Request.

66. By failing to make a timely determination, conduct a reasonable search, and provide SELC with all nonexempt records responsive to the 2025 Request, the Park Service has denied SELC its legal right to these records as provided under FOIA.

67. Unless enjoined by this Court, the Park Service will continue to violate SELC's legal right to be timely provided with records responsive to the 2025 Request.

68.     SELC is directly and adversely affected and aggrieved by the Park Service's failure to comply with FOIA regarding the 2025 Request.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Southern Environmental Law Center respectfully requests that this Court:

(A)     DECLARE that the Park Service has violated and is continuing to violate FOIA by failing to make a timely "determination" as required by 5 U.S.C. § 552(a)(6)(A) for each of SELC's requests;

(B)     DECLARE that the Park Service has violated and is continuing to violate FOIA by failing to conduct an adequate search for records in response to each of SELC's requests;

(C)     DECLARE that the Park Service has violated and is continuing to violate FOIA by failing to provide SELC with all nonexempt records responsive to each of SELC's requests;

(D)     ORDER the Park Service to search for and provide all responsive and nonexempt records to SELC without further delay;

(E)     RETAIN jurisdiction over this matter to rule, if necessary, on the adequacy of the Park Service's search for responsive records or on any assertions by the Park Service that any responsive records are exempt from disclosure;

(F)     With respect to each of the requests, ORDER the Park Service to produce indices identifying any records or parts thereof that it withholds and the basis for the withholdings pursuant to 5 U.S.C. §§ 552(a)(8) and 552(b), in the event that the Park Service asserts that certain responsive records are exempt from disclosure;

(G)     AWARD SELC its reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E); and

(H) GRANT any other relief the Court deems just and proper.

DATE: March 13, 2025                             Respectfully submitted,

   /s/ Spencer Gall
Spencer Gall – VA Bar No. 95376
SOUTHERN ENVIRONMENTAL LAW CENTER
120 Garrett Street, Suite 400
Charlottesville, VA 22902-5613
Telephone: (434) 977-4090
sgall@selc.org

   /s/ Allyson Gambardella
Allyson Gambardella – NC Bar No. 62371 (*pro hac vice* application forthcoming)
SOUTHERN ENVIRONMENTAL LAW CENTER
136 East Rosemary Street, Suite 500
Chapel Hill, NC 27514
Telephone: (919) 967-1450
agambardella@selc.org

*Attorneys for Southern Environmental Law Center*