# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# CHARLOTTESVILLE DIVISION

| | |
|---|---|
| SOUTHERN ENVIRONMENTAL LAW CENTER<br><br>SELC,<br><br>v.<br><br>NATIONAL PARK SERVICE,<br><br>NPS. | Civil Action No. 3:25cv11 |

## ANSWER

NPS United States National Park Service (NPS) submits the following Answer to the Southern Environmental Law Center's (SELC) Complaint, ECF No. 1, in this Freedom of Information Act (FOIA) case.[1]

## INTRODUCTION

1. Paragraph 1 contains SELC's characterization of this action, which requires no response. To the extent a response is required, NPS admits SELC has filed suit under FOIA.

2. NPS admits that SELC submitted FOIA requests to the NPS in June 2024. The remainder of this paragraph consists of SELC's characterization of its requests, which requires no response. To the extent any response is required, NPS respectfully refers the Court to the SELC's requests for a full and accurate statement of its contents and denies any inconsistencies thereof.

---

[1] To the extent that the Complaint refers to or quotes from external documents, statutes, or other sources, NPS may refer to such materials for their accurate and complete contents; however, such references are not intended to be, and should not be construed to be, an admission that the cited materials: (a) are correctly cited or quoted by SELC; (b) are relevant to this, or any other, action; or (c) are admissible in this, or any other, action.

3. NPS admits that SELC submitted FOIA requests to NPS in January 2025. The remainder of this paragraph consists of SELC's characterization of its requests, which requires no response. To the extent any response is required, NPS respectfully refers the Court to the SELC's requests for a full and accurate statement of its contents and denies any inconsistencies thereof.

4. NPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and they are therefore denied.

5. NPS admits that it has not yet issued a final determination with respect to SELC's FOIA requests at issue in this litigation. NPS denies it is in violation of FOIA.

6. This paragraph consists of SELC's requests for relief, which requires no response. To the extent a response is required, NPS denies that SELC is entitled to any relief.

## JURISDICTION AND VENUE[2]

7. This paragraph consists of SELC's conclusions of law, which requires no response. To the extent a response is required, NPS admits that this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

8. This paragraph consists of conclusions of law, which requires no response. To the extent a response is required, NPS admits this Court has subject-matter jurisdiction subject to the terms, conditions, and limitations of FOIA.

9. This paragraph consists of SELC's conclusions of law, which requires no response. To the extent a response is required, NPS admits that venue can be found in this judicial district.

---

[2] Merely for ease of reference, NPS replicates the headings contained in the Complaint. Although NPS believes that no response is required to such headings (Fed. R. Civ. P. 10(b)), to the extent a response is deemed required and to the extent those headings and titles could be construed to contain factual allegations, NPS denies those allegations.

10. NPS admits that it has not yet issued a final determination with respect to SELC's FOIA requests at issue in this litigation. NPS denies it is in violation of the FOIA.

## PARTIES

11. NPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

12. NPS admits SELC is considered a person under 5 U.S.C. §551(2) and respectfully refers the Court to the statute itself for the best evidence of its contents.

13. NPS lacks knowledge or information sufficient to form a belief as to the truth of the allegations in this paragraph and therefore denies them.

14. NPS admits that NPS has not issued a final determination to SELC's FOIA requests at issue. NPS denes that it is in violation of FOIA.

### Defendant National Park Service

15. NPS admits Paragraph 15.

16. NPS admits that Interior is an agency within the meaning of 5 U.S.C. §552(f)(1) and that National Park Service is a component.

17. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS denies that it is in violation of FOIA.

## LEGAL BACKGROUND

### The Freedom of Information Act

18. This paragraph contains SELC's characterization of the FOIA statute and caselaw SELC deems relevant to this action, which requires no response.

19. This paragraph contains SELC's characterization of the FOIA statute, which requires no response.

- 3 -

20. This paragraph contains SELC's characterization of the FOIA statute, which requires no response.

21. This paragraph contains SELC's characterization of the FOIA statute and caselaw SELC deems relevant to this action, which requires no response.

22. This paragraph contains SELC's characterization of the FOIA statute and caselaw SELC deems relevant to this action, which requires no response.

23. This paragraph contains SELC's characterization of the FOIA statute, which requires no response.

24. This paragraph contains SELC's characterization of the FOIA statute, which requires no response.

25. This paragraph contains SELC's characterization of the FOIA statute, which requires no response.

**The U.S. Department of Interior FOIA Regulations**

26. NPS admits that Interior is an agency within the meaning of 5 U.S.C. §552(f)(1) and that NPS is a component. NPS admits that it is covered under the Department of Interior FOIA regulations.

27. This paragraph contains SELC's characterization of the Department of Interior FOIA regulations, which requires no response. NPS respectfully refers the Court to the regulations for a full and accurate statement of its contents and denies any inconsistencies thereof.

28. This paragraph contains SELC's characterization of the Department of Interior FOIA regulations, which requires no response. NPS respectfully refers the Court to the regulations for a full and accurate statement of its contents and denies any inconsistencies thereof.

## FACTUAL BACKGROUND

### The 2024 Request

29. NPS admits it received a FOIA request from SELC on or about June 19, 2024. NPS respectfully refers the Court to the request (Exhibit 1 to the Complaint) and denies all allegations inconsistent therewith.

30. NPS admits that on or about July 19, 2024, SELC received an automated response and assigned SELC's July 19, 2024 request number DOI-NPS-2024-1313. NPS respectfully refers the Court to the acknowledgement email (Exhibit 2 to the Complaint) and denies all allegations inconsistent therewith.

31. This paragraph consists of SELC's characterization of its FOIA request, which requires no response. NPS respectfully refers the Court to the request and denies all allegations inconsistent therewith.

32. This paragraph consists of SELC's characterization of its FOIA request, which requires no response. NPS respectfully refers the Court to the request and denies all allegations inconsistent therewith.

33. NPS admits that on or about July 22, 2024, NPS sent SELC an acknowledgement email acknowledging SELC's July 19, 2024, request. NPS respectfully refers the Court to the email (Exhibit 2 to the Complaint) and denies all allegations inconsistent therewith.

34. NPS admits SELC was notified in the July 22, 2024 acknowledgment email that the July 19, 2024 request fell into the "Complex processing track." NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

35. NPS admits SELC was notified in the July 22, 2024 acknowledgment email that the July 19, 2024 request was granted a fee waiver. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

36. NPS admits that there is no mention of reviewing records in the July 22, 2024 acknowledgement email. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

37. NPS admits the July 22, 2024 acknowledgement email does not discuss the universe of documents. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

38. NPS admits that the July 22, 2024 acknowledgement email did not discuss applicable exemptions because at the time of the July 22, 2024 acknowledgement email, NPS had not released or withheld any documents containing any applicable FOIA exemptions. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

39. This paragraph consists of SELC's interpretation of the FOIA statute, which requires no response. To the extent a response is required, NPS admits the July 22, 2024 acknowledgment email was not a final response. The NPS respectfully refers the Court to the statute itself and the email for the best evidence of its contents.

40. NPS admits that it has not yet issued a final determination with respect to July 22, 2024 request at issue in this litigation.

### The 2025 Request

41. NPS admits that it received a FOIA request from SELC on or about January 23, 2025. NPS respectfully refers the Court to the request (Exhibit 3 to the Complaint) and denies all allegations inconsistent therewith.

42.     NPS admits that on or about July 19, 2024, SELC received an automated response and assigned SELC's January 23, 2025 request number DOI-NPS-2025-003228. NPS respectfully refers the Court to the email (Exhibit 4 to the Complaint) and denies all allegations inconsistent therewith.

43.     This paragraph consists of SELC's characterization of its FOIA request, which requires no response. NPS respectfully refers the Court to the request and denies all allegations inconsistent therewith.

44.     This paragraph consists of SELC's characterization of its FOIA request, which requires no response. NPS respectfully refers the Court to the request and denies all allegations inconsistent therewith.

45.     NPS admits that on or about January 29, 2025, NPS sent SELC an acknowledgement email acknowledging his January 23, 2025, request. NPS respectfully refers the Court to the email (Exhibit 4 to the Complaint) and denies all allegations inconsistent therewith.

46.     NPS admits SELC was notified in the January 29, 2025 acknowledgment email that the January 23, 2025 request fell into the "Complex processing track." NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

47.     NPS admits SELC was notified in the January 29, 2025 acknowledgment email that the January 23, 2025 request was granted a fee waiver. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

48.     NPS admits that there is no mention of reviewing records in the January 29, 2025 acknowledgement email. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

49. NPS admits the January 29, 2025 acknowledgement email does not discuss the universe of documents. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

50. NPS admits that the January 29, 2025 acknowledgement email did not discuss applicable exemptions taken because at the time of the January 29, 2025 acknowledgement email, NPS had not released or withheld any documents containing any applicable FOIA exemptions. NPS respectfully refers the Court to the email and denies all allegations inconsistent therewith.

51. This paragraph consists of SELC's interpretation of the FOIA statute, which requires no response. To the extent a response is required, NPS admits the January 29, 2025 acknowledgment email was not a final response. The NPS respectfully refers the Court to the statute itself and the email for the best evidence of its contents.

52. NPS admits that it has not yet issued a final determination with respect to July 22, 2024 request at issue in this litigation.

## CLAIMS FOR RELIEF

### COUNT 1: FOIA Violations Related to the 2024 Request

53. In response to Paragraph 53, NPS hereby incorporates its responses to Paragraphs 1–52 as if fully stated herein.

54. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2024 request.

55. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2024 request.

56. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2024 request. NPS denies it is in violation of FOIA.

57. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2024 request. NPS denies it is in violation of FOIA.

58. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS denies this paragraph.

59. This paragraph consists of SELC's requests for relief, which requires no response. To the extent a response is required, NPS denies that SELC is entitled to any relief.

60. This paragraph consists of SELC's requests for relief, which requires no response. To the extent a response is required, NPS denies that SELC is entitled to any relief.

## Count 2: FOIA Violations Related to the 2025 Request

61. In response to Paragraph 61, NPS hereby incorporates its responses to Paragraphs 1–60 as if fully stated herein.

62. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2025 request.

63. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2025 request.

64. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2025 request. NPS denies it is in violation of FOIA.

65. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS admits that as of the date of the Complaint, NPS had not issued a final determination toward SELC's 2025 request. NPS denies it is in violation of FOIA.

66. This paragraph contains SELC's conclusions of law, which requires no response. To the extent any response is required, NPS denies this paragraph.

67. This paragraph consists of SELC's requests for relief, which requires no response. To the extent a response is required, NPS denies that SELC is entitled to any relief.

68. This paragraph consists of SELC's requests for relief, which requires no response. To the extent a response is required, NPS denies that SELC is entitled to any relief.

## PRAYER FOR RELIEF

69. The remainder of the Complaint consists of SELC's requests for relief, which requires no response. To the extent a response is required, NPS denies that SELC is entitled to any relief.

70. NPS denies all allegations in the Complaint not expressly admitted herein.

## AFFIRMATIVE AND OTHER DEFENSES

1. The information requested in SELC's FOIA requests may be exempt in whole or in part under FOIA, *see* 5 U.S.C. § 552(b), or one or more other statutory exemptions.

2.	The Court lacks subject matter jurisdiction over SELC's requests for any relief that exceeds the relief authorized by statute under FOIA, 5 U.S.C. § 552.

3.	SELC is neither eligible for nor entitled to attorney's fees and costs.

4.	NPS is not improperly withholding any responsive records.

5.	NPS reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to NPS through the course of the litigation.

Respectfully submitted,

ZACHARY T. LEE
Acting United States Attorney

Date: April 17, 2025

/s/ Krista Consiglio Frith
Krista Consiglio Frith
Assistant United States Attorney
Virginia State Bar No. 89088
P. O. Box 1709
Roanoke, VA 24008-1709
Telephone: (540) 857-2250
Facsimile: (540) 857-2283
E-mail: Krista.frith@usdoj.gov

- 11 -

## CERTIFICATE OF SERVICE

I hereby certify that on April 17, 2025, I caused a true copy of the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will send electronic notice to all counsel of record.

                                              */s/ Krista Consiglio Frith*
                                              Krista Consiglio Frith
                                              Assistant United States Attorney